IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristen Diane Sweat,<br><br>    Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner<br>of Social Security,[1]<br><br>    Defendant. | C/A No. 8:21-cv-01015-SAL<br><br>**OPINION & ORDER** |

  Plaintiff Kristen Diane Sweat ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits. [ECF No. 1.] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule (D.S.C.) 73.02(B)(2)(a), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On March 4, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. [ECF No. 17.] On March 17, 2022, the Commissioner filed a Notice of Not Filing Objections to the Report. [ECF No. 18.]

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, she is automatically substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the decision is **REVERSED**, and the matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 17, 2022
Florence, South Carolina